IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERKLEY NATIONAL INSURANCE
COMPANY,

      Plaintiff,

vs.                                                        1:24-cv-00643 KWR/GBW

AIDCARE TRANS, LLC, CASSANDRA
ARMIJO, TALON CLAYBROOK,
AARON TAFOYA,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion for Default Judgment **(Doc. 13).** Plaintiff seeks a declaratory judgment (1) that it does not have the duty to defend or indemnify Defendants Aidcare and Armijo against claims asserted by Mr. Claybrook in the underlying state court litigation, and (2) that BNIC is not obligated to pay any resulting judgment in the Underlying Litigation that Mr. Claybrook may obtain. Defendants did not serve a response pleading or a motion under Rule 12, or appear in this case, and Plaintiff seeks default judgment. Having reviewed the record in this case, the Court finds that Plaintiff's motion for default judgment is well taken and, therefore, is **GRANTED**.

### BACKGROUND

This declaratory action stems from an insurance coverage dispute resulting from a motor vehicle accident. The case involves a narrow insurance coverage issue of whether the vehicle in the accident was a covered auto under the policy issued by Plaintiff. On September 21, 2023,

Claybrook commenced litigation against Armijo and BNIC (among others) by filing a complaint which is currently pending in the First Judicial District Court, Santa Fe County, State of New Mexico, captioned *Claybrook v. Armijo et al.*, Case No. D-101-CV-20223-02333 (the "Underlying Lawsuit"). *See* Complaint, Doc. 1 at ¶ 9.

In the Underlying Lawsuit, Defendant Claybrook generally alleges that he was injured in an automobile accident on January 20, 2023, when a 2014 Kia Soul driven by Defendant Armijo and owned by Defendant Aidcare (the "Vehicle") collided with his vehicle (the "Accident"). *Id.* at ¶11. Defendant Claybrook further alleges that Defendant Armijo was an employee of Defendant Aidcare and acting within the scope of her employment at the time of the Accident. *Id.* at ¶ 12. Defendant Tafoya was a passenger of the vehicle at the time. *Id.* at ¶ 13.

Defendant Aidcare took possession of the Vehicle and added it as a covered auto, effective August 17, 2022, under Policy No. DCA3750085-12 ("Policy") with a Policy Period of May 14, 2022 to May 14, 2023, issued by BNIC to named insured Defendant Aidcare. *Id.* at ¶ 15. The vehicle was removed as a covered auto under the Policy effective November 28, 2022. *Id.* at ¶ 16. At the time of the Accident, the Vehicle was not a covered auto under the Policy. *Id.* at ¶ 17. Defendant Aidcare tendered a claim to BNIC for defense and indemnification relating to the Accident under the Policy (the "Claim"). *Id.* at ¶ 19. Subject to a reservation of rights, BNIC agreed to provide a defense against the allegations in the Underlying Lawsuit. BNIC reserved all rights relating to whether the Vehicle was a covered auto under the Policy and the right to file this declaratory relief action. *Id.* at ¶ 20.

Plaintiff seeks a declaratory judgment that the Vehicle does not qualify as a covered auto under the terms of the Policy at the time of the Accident, and there is no Covered Autos Liability Coverage under the Policy afforded for this Claim or the Underlying Lawsuit. *Id.* at ¶¶ 33-34. It

also seeks a declaratory judgment that Policy does not afford coverage for the Claim, and BNIC has no duty to defend or indemnify Aidcare or Armijo in the underlying lawsuit.

Defendants did not file a response or answer in this case. The Clerk entered default, and Plaintiff filed this motion for default judgment. Doc. 13.

## DISCUSSION

I. **Court declines to *sua sponte* abstain.**

Because there was a pending state court case, the Court issued an order to show cause why the Court should not *sua sponte* abstain from hearing this action. Plaintiff responded to the order to show cause. Generally, Plaintiff asserts that the underlying state court case (1) does not involve the same coverage issue as in this case, (2) does not have all necessary parties, and (3) does not involve factual disputes relevant to this declaratory action. After considering Plaintiff's response, the Court declines to *sua sponte* abstain from hearing this case.

This insurance coverage declaratory action arises from an underlying state court action involving a car accident. In the underlying state court lawsuit, Mr. Claybrook alleges he was injured in an automobile accident on January 20, 2023, when a vehicle driven by Ms. Armijo and owned by Aidcare collided with his vehicle. *See* Doc. 13, Exhibit 1. Plaintiff seeks a declaratory judgment (1) that it does not have the duty to defend or indemnify Defendants Aidcare and Armijo against claims asserted by Defendants Claybrook in the underlying state court litigation, (2) that Mr. Tafoya[1], a passenger in in the vehicle driven by Ms. Armijo is not entitled to any benefits, and (3) that BNIC is not obligated to pay any resulting judgment in the Underlying Litigation that Claybrook may obtain. Plaintiff asserts there was no coverage for the automobile driven by Defendant Armijo, as the vehicle involved in the crash was not insured under the policy at the time

---

[1] Mr. Tafoya is not a party of the underlying state court litigation. Doc. 16 at 6, *citing* Doc. 13-1.

3

of the loss. Moreover, it asserts there are no factual disputes in the underlying state court case which are relevant to this case.

The Declaratory Judgment Act vests federal courts with power and competence to issue a declaration of rights. 28 U.S.C. § 2201. The Declaratory Judgment Act provides in relevant part that:

> In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).

The question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts. *St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995). It is common for an insurer to seek declaratory judgment "against their insureds to determine the extent of coverage. Frequently such suits are filed as stand-alone actions rather than cross-claims." *Gallegos v. Nevada Gen. Ins. Co.*, 248 P.3d 912, 914 (N.M. Ct. App. 2011).

The discretionary standard under *Brillhart v. Excess Ins. Co.,* 316 U.S. 491 (1942) governs a district court's decision to stay a declaratory judgment during the pendency of parallel state court proceedings. *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). District courts are "under no compulsion to exercise . . . jurisdiction" under the Declaratory Judgment Act, as "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494 (1942). This Court must consider whether the questions in controversy between the parties to this federal lawsuit "can better be settled in the proceeding pending in the state court." *Id.*; *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995); *United States v. City of Las Cruces*, 289 F.3d 1170, 1181 (10th Cir.

4

2002) (*Brillhart* standard applies when determining whether to abstain from action for declaratory relief).

In deciding whether to hear a declaratory judgment action, a district court may consider various factors, including:

> (1) whether a declaratory action would settle the controversy;
> (2) whether it would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata";
> (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
> (5) whether there is an alternative remedy which is better or more effective.

(the "*Mhoon* factors"); *St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (citing *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir.1994)). No one factor is dispositive. *United States v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002).

Plaintiff asserts that the Court should exercise jurisdiction over this case, as the issue in this case is discrete and not at issue in the underlying state court case. As explained below, the Court concludes that the *Mhoon* factors favor exercising jurisdiction in this case.

A. First and Second *Mhoon* Factors.

The first two factors are (1) whether a declaratory action would settle the controversy; and (2) whether it would serve a useful purpose in clarifying the legal relations at issue.

"[T]he likelihood a declaratory judgment will resolve the immediate dispute between the parties may tip the scales in favor of exercising jurisdiction[,] ... [while] the existence of outstanding claims in a parallel state court action may counsel a different conclusion." *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 982 n.3 (10th Cir. 2012). "A federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another

pending proceeding." *ARW Expl. Corp. v. Aguirre*, 947 F.2d 450, 454 (10th Cir. 1991) (internal quotation marks and citations omitted). "However, jurisdiction should not be refused merely because another remedy is available. Rather, the court must decide whether the controversy can better be settled in a pending action, i.e., whether there is such a plain, adequate and speedy remedy afforded in the pending state court action, that a declaratory judgment action will serve no useful purpose. Relevant considerations include the scope of the pending action, the nature of the available defenses in the action, whether all parties' claims can satisfactorily be adjudicated in that proceeding, and whether necessary parties have been joined." *Id.* (quotation marks and citations omitted).

Plaintiff represents that the underlying state court proceeding does not involve the same factual and legal issues or the same parties. Plaintiff asserts the primary focus of the underlying litigation is to determine whether Ms. Armijo is liable to Mr. Claybrook under theories of negligence, and whether Aidcare is liable to Claybrook under theories of vicarious liability or negligent hiring, supervision, or training. Doc. 13-1 at ¶¶ 16-39. Plaintiff represents that this case involves a discrete issue which is not at issue in the underlying state proceeding. Specifically, the coverage issue in this case concerns whether the vehicle driven by Ms. Armijo was an insured vehicle under the policy at the time of the accident. *See Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989) ("Nothing in the Declaratory Judgment Act prohibits a court from deciding a purely legal question of contract interpretation which arises in the context of a justiciable controversy presenting other factual issues").

Moreover, Plaintiff asserts there are no factual issues in the state court proceeding which would bear on the resolution of the coverage issue in this case. *See Kunkel v. Cont'l Cas. Co.,* 866 F.2d 1269, 1276 (10th Cir. 1989) ("a district court 'should not entertain a declaratory judgment

6

action over which it has jurisdiction if the fact-dependent issues are likely to be decided in another pending proceeding' ").

Plaintiff asserts that the underlying state court lawsuit does not have all necessary parties. Mr. Tafoya, a passenger in Ms. Armijo's vehicle, is a potential claimant, and this coverage litigation is necessary to determine whether he is entitled to benefits under the Policy.

Finally, Plaintiff explained that it was practically unable to raise the issue of duty to defend in the underlying litigation. Plaintiff asserts that under New Mexico law, any trial would have to be bifurcated or severed, and it would be prejudiced because any coverage issue would not be resolved until after a trial on the negligence claim was held. Plaintiff asserts that bifurcation would defeat the purpose of the coverage litigation, and it would have to provide a defense for the negligence trial, mooting out its claim that it has no duty to defend. Doc. 16 at 8-9.

Considering Plaintiff's arguments, the Court concludes that a declaratory judgment would settle the controversy.

Under the second factor, this declaratory relief action would serve a useful purpose in clarifying the legal relations at issue. If the Court determines the vehicle driven by Ms. Armijo was not an insured vehicle under the Policy at the time of the loss, then neither Armijo nor Aidcare would be entitled to a defense or indemnification in the Underlying Litigation. Moreover, Mr. Tafoya, who is not a party to the underlying litigation, would not be able to claim compensation under the Policy. This determination would be made without the need to consider factual issues in the underlying litigation.

Having considered Plaintiff's arguments in its response to the order to show cause, the Court concludes that the first two factors weigh in favor of exercising jurisdiction.

B.    Third Factor.

The third factor concerns whether the declaratory remedy is being used for the purpose of procedural fencing or to provide an arena for a race to res judicata. In its OSC, the Court was concerned that Plaintiff was seeking a default judgment, when at least some of the parties were actively litigating in the state court proceeding.

Plaintiff asserts it seeks a timely coverage decision in this case. It asserts that were it forced to raise the duty to defend in the state court litigation, that claim would be bifurcated under New Mexico law, and it would be forced to defend Ms. Armijo before receiving a determination on the duty to defend. Because the underlying litigation does not raise the same factual or legal issues as in this case, Plaintiff asserts this case was not used for procedural fencing or a race to res judicata. Moreover, it asserts that the underlying litigation does not include all necessary parties.

The Court concludes that this case does not show indicia of procedural fencing or a race to res judicata, and therefore finds this factor weighs in favor of exercising jurisdiction.

C.  Fourth and Fifth *Mhoon* Factors

The final factors in the analysis consider whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and whether there is an alternative remedy which is better or more effective.

The fourth factor "involves a consideration of whether the matters being heard in the state court action are essential to a determination of the collateral federal action, or whether the issue being raised in the federal declaratory action involves no matter—factual or legal—at issue in the state case." *Spirit Com. Auto Risk Retention Grp. v. GNB Trucking, Inc.*, No. 1:17-CV-00842 WJ/SCY, 2017 WL 5468670, at *2 (D.N.M. Nov. 14, 2017). There may be friction between state and federal courts where there are overlapping issues. *United Specialty Ins. Co. v. Conner Roofing & Guttering, LLC*, No. 11-CV-0329-CVE-TLW, 2012 WL 208104, at *5 (N.D. Okla. Jan. 24,

8

2012) (finding that the *Mhoon* factors did not support declining jurisdiction because "[the] case [did] not present any substantial factual or legal issue ... litigated in the state court lawsuit."); *W. Am. Ins. Co. v. Atyani*, 338 F. Supp. 3d 1227, 1234 (D.N.M. 2018) (finding no unnecessary friction between state and federal courts when the district court suit addressed "interpretation ... in the liability policies" and the related state court suit addressed a violation of a city ordinance.); *Nationwide Mutual Insurance Company v. C.R. Gurule, Inc.*, 148 F. Supp. 3d 1206, 1229 (D.N.M. 2015) (Browning, J.) (friction may exist with state courts where the same issues and parties are pending before the state court).

Plaintiff asserts that issuing a declaratory judgment in this case would not cause friction between state and federal courts, as (1) there are no factual or legal issues in the state court proceeding which bears on this coverage issue and (2) the state court proceeding does not have all necessary parties. Therefore, the fourth factor weighs in favor of exercising jurisdiction.

The fifth factor concerns whether there is an alternative remedy that is better or more effective. Here, Plaintiff seeks a determination as to whether it has a duty to defend Ms. Armijo and Aidcare under the Policy. Plaintiff asserts it does not have a plain, speedy, or adequate remedy in the state court case to address the duty to defend, as it would be forced to defend Ms. Armijo and Aidcare through trial. Therefore, the Court concludes there is not an alternative remedy that is better or more effective.

Considering all *Mhoon* factors and the record, the Court concludes that it is appropriate to exercise jurisdiction in this case.

**II.    Court will grant the motion for default judgment.**

Plaintiff seeks default judgment. Rule 55 mandates a two-step process for a default judgment. First, a party must obtain a Clerk's entry of default. Second, the party must request a

9

default judgment. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (citing Fed. R. Civ. P. 55(a) & (b)).  Once a defendant is found to be in default, a court must "t[ake] as true all factual allegations in the complaint, except those pertaining to the amount of damages." *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003).  However, even after entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *See Greenwich Ins. Co. v. Daniel Law Firm,* No. 07–cv–2445–LTB–MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (citations omitted). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at *2 (citation omitted), *quoted in Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015). Default was entered by the Clerk of Court. Doc. 12. Therefore, the Court will consider whether entry of default judgment is appropriate.

The Court has diversity jurisdiction over this case. There is complete diversity as Plaintiff is an Iowa corporation with it principal place of business in Iowa, and Defendants are citizens of Arizona and New Mexico.  Doc. 1 at ¶¶ 1-5. The underlying lawsuit involves a motor vehicle accident in which Defendant Claybrook was injured. The defense costs as well as the bodily injury claim exceed $75,000.  *Id.* at ¶ 6.

Moreover, Plaintiff has demonstrated that the Defendants were properly served.  The individual defendants were personally served. *See* Doc. 9, Exhibit 1; Doc 10, Exhibit 1; Doc. 11, Exhibit 1. Personal service is sufficient under Fed. R. Civ. P. 4(e).  Defendant Aidcare was served by certified mail pursuant to N.M.R. Civ. P. Dist. Ct. 1-004(E)(3), (G)(3).  *See* Doc. 8, Exhibit 1. It appears the Court would have personal jurisdiction over this action, as Defendants, aside from Aidcare, are citizens of New Mexico and the accident at issue occurred in Santa Fe, New Mexico. Doc. 1 at ¶¶ 2-5; Doc. 13-1 at ¶ 10.

Next, the Court must consider whether the well-pled allegations in the complaint, taken as true, state a claim and support entry of judgment. This insurance coverage case arises from an underlying state court action involving a car accident. In the underlying state court lawsuit, Defendant Claybrook alleges he was injured in an automobile accident on January 20, 2023, when a vehicle driven by Defendant Armijo and owned by Defendant Aidcare collided with his vehicle. *See* Doc. 13, Exhibit 1.

This insurance coverage case, however, concerns the narrow issue of whether the car driven by Ms. Armijo was covered by the Policy issued by Plaintiff. Plaintiff alleges as follows. Defendant Aidcare bought the vehicle at issue in August 2022. Doc. 13, Exhibit 2. Defendant Aidcare took possession of the vehicle and added it as a covered auto effective August 17, 2022. Doc. 13, Exhibit 3, Exhibit 4. The vehicle was removed as a covered auto under the Policy effective November 28, 2022. Doc. 13, Exhibit 5. Thus, at the time of the accident, the vehicle was not a covered auto under the policy.

> The Covered Autos Liability Coverage provided as follows:
>
> SECTION II – COVERED AUTOS LIABILITY COVERAGE
> A. Coverage
> We will pay all sums an "insured" legal must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

Doc. 1 at ¶ 22. The Policy's Business Auto Coverage Form provides the following are considered covered "autos" under the Policy:

> SECTION I – COVERED AUTOS
> Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos"

11

Doc. 1 at ¶ 23. Item Two of the Business Auto Declarations then provides:

> ITEM TWO – Schedule of Coverages and Covered Autos
> This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos Section of the Business Auto Coverage Form next to the name of the coverage.

Doc. 1 at ¶ 24. For liability coverage, symbols 7, 8 and 9 are indicated in the Business Auto Declaration's premium column. Doc. 1 at ¶ 25. Symbol 7, "specifically described Autos", states that there is coverage only for those autos described in Item Three of the declarations for which a premium charge is shown. *Id.* at 26. Here, the vehicle at issue was not specifically listed in Item Three of the Declarations, Schedule of Covered Autos you Own, and therefore does not qualify as a covered auto under the terms of the Policy. *Id.* at ¶ 28.

In disputes stemming from insurance contracts, the "duty to defend arises out of the nature of the allegations in the complaint," *Miller v. Triad Adoption & Counseling Servs., Inc.,* 133 N.M. 544, 548, 65 P.3d 1099, 1103 (Ct.App.2003), and is determined "by comparing the factual allegations in the complaint with the insurance policy," *Lopez v. N.M. Pub. Sch. Ins. Auth.,* 117 N.M. at 209, 870 P.2d at 747. If a complaint "states facts that bring the case within the coverage of the policy," then the duty to defend will be triggered. *Bernalillo Cnty. Deputy Sheriffs Ass'n v. Cnty. of Bernalillo,* 114 N.M. 695, 697, 845 P.2d 789, 791 (1992).

With respect to the duty to indemnify, New Mexico courts have held that "[i]f the allegations of the [] complaint clearly fall outside the provisions of [the] liability insurance policies, indemnity by the insurer is not required." *N.M. Physicians Mut. Liability Co. v. LaMure,* 116 N.M. 92, 95, 860 P.2d 734, 737 (1993).

Based on the above coverage limits, it is clear that coverage only extends to covered automobiles. Here, the vehicle at issue in the accident was not a covered vehicle at the time of

the accident. *See* Police Report, Doc. 13-7, Exhibit 7 at 2. The police report listed the vehicle at issue as a 2014 Kia Soul, with VIN ending 1822 as the vehicle involved in the crash. *Id.* That vehicle is not listed as a covered vehicle under the policy. *See* Doc. 13-5, Exhibit 5. Since there is no coverage under the policy, the Court finds that entry of default judgment is appropriate.

## CONCLUSION

The Court finds and concludes that Plaintiff is entitled to default judgment, including a declaratory judgment that:

- The Policy does not afford coverage for the Claim or the Underlying Lawsuit because the Vehicle does not qualify as a covered "auto" under the terms of the Policy at the time of the Accident; and

- Plaintiff does not have a duty to defend and indemnify Defendants Aidcare and Armijo against the claims asserted in the Underlying Litigation.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment **(Doc. 13)** is hereby **GRANTED** for the reasons described above;

**IT IS FURTHER ORDERED** that the Court issues a declaratory judgment as requested in the prayer for relief in the Complaint (Doc. 1).

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE